UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TOM BRYANT, | No. 2:13-cv-1750-MCE-GGH P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| FRED FOULK, | |
| Respondent. | |

INTRODUCTION AND SUMMARY

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury found petitioner guilty of attempted murder and found true sentencing enhancements of discharging a firearm causing great bodily injury and committing the offense for the benefit of a criminal street gang. He was sentenced to state prison for a term of 42 years to life. Petitioner challenges his conviction and sentence on the following grounds: ineffective assistance of counsel, violation of due process, and violation of the Eighth Amendment's prohibition on cruel and unusual punishment. As more fully discussed below, petitioner's claim for ineffective assistance of counsel is unexhausted. As such, petitioner will be given the opportunity to show whether the court ought to stay this action pending exhaustion of this claim, pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L.Ed.2d 440 (1995).

///

///

///

1

DISCUSSION

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. cenied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

After his judgment of conviction was affirmed by the California Court of Appeal, petitioner filed a petition for review in the California Supreme Court. (Resp't's Lod. Doc. 5.) The Supreme Court denied that petition on August 29, 2012. (Resp't's Lod. Doc. 6.) Petitioner then filed a state court writ of habeas corpus in the California Court of Appeal asserting a claim for ineffective assistance of counsel. (Resp't's Lod. Doc. 7.) That petition was denied on February 14, 2013. (Resp't's Lod. Doc. 8.) Petitioner filed a state court petition in Sacramento Superior Court which was denied on May 14, 2013. (Resp't's Lod. Doc. 9.) He filed another petition in the California Court of Appeal which was denied on June 6, 2013. (Resp't's Lod.

Docs. 10, 11.) Petitioner filed his most recent state habeas petition in the California Supreme Court on August 23, 2013. (Resp't's Lod. Doc. 12.) He then filed his federal habeas petition on September 23, 2013. (ECF No. 9.) The California Supreme Court ultimately denied petitioner's state habeas petition on December 11, 2013, citing to People v. Duvall, 9 Cal. 4th 464, 474 (1995) and In re Swain, 32 Cal. 2d 300 (1949). (Resp't's Lod. Doc. 20.)

Respondent contends the citation to Swain demonstrates that petitioner's ineffective assistance of counsel claim is unexhausted because it has not been properly presented to the California Supreme Court. Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." 9 Cal. 4th at 474. In this instance, petitioner attached copies of relevant documentary evidence to his petition filed in the California Supreme Court. (Resp't's Lod. Doc. 12.) Accordingly, the Duvall citation must stand for the proposition that the claims were not plead with sufficient particularity.

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to Swain. Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity. In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleading defect, *i.e.*, lack of particularity, could be cured in a renewed petition. 799 F.2d at 1319. However, the Ninth Circuit also stated that it was "incumbent" of the court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court. Id. at 1320. "The mere citation of In re Swain does not preclude such review." Id. The Ninth Circuit instructed that, if a court on federal habeas review finds that petitioner did allege his claim with particularity, "then the California Supreme Court's denial for lack of particularity amounts to a holding that the claims themselves are defective" and the claim is exhausted. Id. However, if the review reveals that petitioner did not allege his claim with particularity and, thus, the claim is unexhausted, the

defect may be cured by a renewed petition. See Cross v. Sisto, 676 F.3d 1172, 1177 (9th Cir. 2012) ("[A] citation to Swain means denial 'without prejudice to replead.'") (citing King v. Roe, 340 F.3d 821 (9th Cir. 2003); Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005) ("In light of the citations to Swain and Duvall, we read the California Supreme Court's denial of Gaston's sixth habeas application as, in effect, the grant of a demurrer, *i.e.*, a holding that Gaston had not pled facts with sufficient particularity."). Because Swain and Duvall stand for the same proposition, pursuant to Kim v. Villalobos, the court will review petitioner's habeas petition filed in the California Supreme Court to determine whether his ineffectiveness claims were fairly presented.

A review of petitioner's California Supreme Court habeas petition indicates that petitioner's ineffectiveness allegations are identical to the ineffectiveness allegations submitted with his federal habeas petition. (Compare Resp't's Lod. Doc. 12 with ECF No. 9.) In both petitions petitioner contends as follows:

> Petitioner claimed that he was denied his Sixth Amendment right to counsel. Petitioner's claimed counsel was ineffective in failing to conduct a reasonable pre-trail [sic] investigation. Petitioner did not present a defense at trail [sic]. Petitioner never had a private investigator, no character witnesses, no pre-trail [sic] motions, or no psychological evauluation [sic] or "trail [sic] competence" and Miranda understanding test. Petitioner was incompetent to stand trail [sic], but due to the lack of assistance from counsel that wasn't brought up in or before trail [sic]. Petitioner's counsel had an Educational Diagnostics test done almost a year before trail [sic] (see attachments 498-503), but he nevered [sic] followed up on the recommendations that were listed that would've favored a better outcome for petitioner. Petitioner was also denied the right to personally make the decision to testify in his own behalf, even against the advice of his counsel. (see attachments 663-664) Petitioner's counsel also waived a key witness without cross-examination, but instead he agreed to just play the tape of his statement (see attached page 490-941) Petitioner's counsel so utterly failed to defend against the charges that the trail [sic] was the functional equivalent of a guilty plea, rendering counsel's representation presumptively inadequate. Even if each errors are individually harmless errors, in combination, rendered the defense far less persusive [sic] than it otherwise would have been.

(Resp't's Lod. Doc. 12; ECF No. 9.)

/ / /

/ / /

Petitioner presented his ineffectiveness claim asserting a host of conclusory grounds without providing any factual detail in support of those grounds. For example, petitioner asserts that trial counsel did not conduct a reasonable pre-trial investigation, but did not shed light on what type of investigation ought to have been conducted and, importantly, how that hypothetical investigation would make it reasonably probable that the result of his trial would have been different. Similarly, petitioner did not provide any factual detail regarding what a private investigator might have found, to what a character witness might have testified, what type of pre-trial motions ought to have been filed, or what a psychological evaluation or trial competence test would have revealed.

As to petitioner's assertion that he was denied the right to testify (not really an ineffective assistance of counsel claim), the documentary evidence submitted with his petition suggests otherwise. Petitioner attached a copy of the trial transcript showing that the court told him that he had the right to testify. (Resp't's Lod. Doc. 12.) The transcript also shows that, after an off-the-record conversation, petitioner's trial counsel asked to continue the matter for another day so that petitioner could think about it. (Id.) In addition, petitioner again failed to provide any detail as to how his testimony would have changed the outcome.

As to petitioner's assertion that trial counsel incorrectly waived a key witness without cross-examination, the documentary evidence submitted with his petition shows that neither defense counsel nor the prosecutor had any further questions of the witness and excused the witness after it appeared that he was falling asleep during the playing of the recording. (Resp't's Lod. Doc. 12.) The court concludes that the California Supreme Court dismissed petitioner's ineffectiveness claim due to lack of particularity, a defect petitioner could have cured in a renewed petition. As such, petitioner's ineffective assistance of counsel claim is unexhausted.

A district court has discretion to stay a mixed habeas petition while allowing the petitioner to present his unexhausted claims to the state court pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L.Ed.2d 440 (1995). To qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of

5

any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. <u>Rhines</u>, 544 U.S. at 277–78. If petitioner wishes to press his ineffective assistance of counsel claim, he must file a motion for stay and abeyance demonstrating why the court ought to stay proceedings pending exhaustion of his claim in state court.

<u>CONCLUSION</u>

For all the foregoing reasons, IT IS HEREBY ORDERED that within 30 days, petitioner shall file a motion for stay and abeyance of his federal habeas petition pursuant to <u>Rhines v. Weber</u>. If within 30 days petitioner has not filed the aforementioned motion, the undersigned will recommend petitioner's ineffective assistance of counsel claim be stricken.

Dated: September 10, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:016